# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-KA-01411-SCT

*LAHARRISON JOHNSON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/11/2009 |
| TRIAL JUDGE: | HON. CHARLES E. WEBSTER |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF INDIGENT APPEALS |
| | BY: W. DANIEL HINCHCLIFF |
| | LESLIE S. LEE |
| | DAVID LYDELL TISDELL |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | LAURENCE Y. MELLEN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 09/23/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLSON, P.J., DICKINSON AND PIERCE, JJ.**

**PIERCE, JUSTICE, FOR THE COURT:**

¶1. This case comes before the Court on appeal from the Coahoma County Circuit Court. Laharrison Johnson was convicted of armed robbery and given an enhanced penalty for his use of a firearm during the commission of a felony. Johnson appeals his conviction and sentence, and argues that the circuit court erred in failing to have the jury determine whether the defendant used a firearm during the commission of an armed robbery as a prerequisite

for finding that the enhanced penalty was appropriate. Because it is well-established that failure to raise an issue at trial procedurally bars review on appeal, we affirm Johnson's conviction and sentence.

## FACTS AND PROCEEDINGS

¶2. On the evening of December 30, 2008, Travis Amos and his cousin Rontavious Morris became the victims of armed robbery. Both victims identified Laharrison Johnson as their attacker. On the night of the robbery, Amos and Morris drove to an apartment complex to deliver a customer's receipt. It is unclear from the testimony at trial whether Amos actually delivered the receipt. At some point after entering the apartment complex, Johnson approached Amos's car, and they began to discuss car stereo equipment and guns. As Amos and Morris began to leave, Johnson flagged them down.

¶3. After chatting again briefly, Johnson displayed a gun and pointed it through the driver's side window at Amos. Several masked men approached the passenger-side window and instructed Morris to get out of the car. Morris was hit in the forehead with a gun by one of the masked men. Amos and Morris saw Johnson and the masked men remove items from the car. All of the items taken belonged to Amos. Amos and Morris were allowed to get back in the car. Upon leaving, Johnson warned Amos not to go to the police and stated "I know where you live."

¶4. Johnson was indicted for armed robbery under Mississippi Code Section 97-3-79 and charged with using or displaying a firearm during a felony under Mississippi Code Section 97-37-37. At trial, Amos and Morris testified as to what happened on the night of December 30, 2008. Johnson chose not to testify. The jury convicted Johnson of armed robbery under

Mississippi Code Section 97-3-79. Initially, the trial court sentenced Johnson to serve twelve years, with four years suspended and supervised probation upon release. But the trial court realized that it had failed to consider the enhanced penalty statute during Johnson's sentencing hearing. The trial court held a hearing the following day and resentenced Johnson to seven years, with four years suspended, and supervised probation upon release. The trial court also imposed an additional sentence of five years under the enhanced penalty statute to run consecutively to the sentence for armed robbery. Johnson now appeals.

## DISCUSSION

¶5.     Johnson claims that the question of whether he used a firearm during the commission of a felony was never properly submitted to the jury. The State argues that Johnson waived this issue because he failed to raise it at trial. We agree with the State's position and affirm Johnson's conviction and sentence.

¶6.     It is well-established that failure to raise an issue at trial procedurally bars review on appeal.[1] Johnson did not present the issue he now raises on appeal to the trial court during the discussion regarding jury instructions, nor did he raise the issue at the sentencing hearing. Further, Johnson did not raise the issue in his motion for judgment notwithstanding the verdict. Thus, Johnson is procedurally barred from bringing this issue for the first time on appeal.

¶7.     Notwithstanding the procedural bar, this issue lacks merit. This Court's precedent has firmly established that a "jury must be correctly and fully instructed regarding each element

---

[1] *Walker v. State*, 913 So. 2d 198, 217 (Miss. 2005).

of the offense charged."[2] And if "the instructions fairly announce the law of the case and create no injustice, no reversible error will be found."[3]

¶8.    The State offered the following instruction, labeled C-12, regarding the elements of armed robbery:

> The defendant, Laharrison Johnson, has been charged by an indictment with the felony crime of Armed Robbery.
>
> If you find from the evidence in this case beyond a reasonable doubt that:
>
>    (1)    on or about December 30, 2008, the defendant, Laharrison Johnson, while aiding and abetting or acting in concert with another or others, did willfully, unlawfully and feloniously,
>    (2)    take car speakers, an Ipod, a car stereo amplifier and two guns in good [sic] and lawful money of the United States of America, property of Travis Amos,
>    (3)    from the person or from the presence, and against the will of Travis Amos,
>    (4)    by putting Travis Amos in fear of immediate injury to his person by displaying a deadly weapon, to-wit; a pistol,
>
> then you shall find the defendant guilty of Armed Robbery.
>
> If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the defendant not guilty.

The statutes under which Johnson was indicted state:

> Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the

---

[2] *Hunter v. State*, 684 So. 2d 625, 636 (Miss. 1996) (citing *Neal v. State*, 451 So. 2d 743, 757 (Miss. 1984)).

[3] *Harris v. State*, 861 So. 2d 1003, 1014 (Miss. 2003) (citing *Montana v. State*, 822 So. 2d 954, 957 (Miss. 2002)).

penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.

Miss. Code. Ann. § 97-3-79 (Rev. 2006).

(1) Except to the extent that a greater minimum sentence is otherwise provided by any other provision of law, any person who uses or displays a firearm during the commission of any felony shall, in addition to the punishment provided for such felony, be sentenced to an additional term of imprisonment in the custody of the Department of Corrections of five (5) years, which sentence shall not be reduced or suspended.

Miss. Code Ann. § 97-37-37 (Rev. 2006).

¶9.    Section 97-3-79 makes it clear that, in order to convict a defendant of armed robbery, the jury must find, among other things, that the defendant exhibited a deadly weapon. Likewise, Section 97-37-37 requires that a defendant use or display a firearm during the commission of any felony before he or she receives the statutorily enhanced penalty. The jury found, beyond a reasonable doubt, that Johnson used a "deadly weapon, to-wit; a pistol" during the robbery of Amos. This finding naturally satisfies every essential element of Section 97-37-37.

¶10.    This Court recently addressed the issue of fact-finding on the part of the jury when sentencing enhancement is involved. In **Brown v. State**, 995 So. 2d 698, 703 (Miss. 2008), we stated:

We hold today that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." [c]iting **Apprendi v. New Jersey**, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000)).

5

However, in today's case, Section 97-37-37 required no other factor to be determined that had not already been decided by the jury. Instruction C-12 adequately informed the jury of the essential elements of armed robbery. Thus, the jury decided each element of the enhanced-penalty statute when it found Johnson guilty of armed robbery by use of a firearm. This issue lacks merit.

## CONCLUSION

¶11.  For the reasons stated, we affirm Johnson's conviction and sentence.

¶12.  **CONVICTION OF ARMED ROBBERY WITH FIREARM ENHANCEMENT AND SENTENCE OF SEVEN (7) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FOUR (4) YEARS OF SAID SENTENCE BEING SUSPENDED, WITH CONDITIONS, AFFIRMED. THE APPELLANT IS BEING PLACED ON SUPERVISED PROBATION FOR A PERIOD OF FOUR (4) YEARS AFTER HE HAS SERVED THREE (3) YEARS. APPELLANT IS SENTENCED TO SERVE AN ADDITIONAL TERM OF FIVE (5) YEARS PURSUANT TO THE FIREARM ENHANCEMENT, TO RUN CONSECUTIVELY TO PREVIOUS SENTENCE. THE SENTENCES IMPOSED IN THIS CAUSE SHALL RUN CONSECUTIVE TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED.**

**WALLER, C.J., CARLSON, P.J. DICKINSON, RANDOLPH, KITCHENS AND CHANDLER, JJ., CONCUR. GRAVES, P.J., AND LAMAR, J., CONCUR IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION.**

6