# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-00878-COA

EUGENE WASHINGTON                                                                      APPELLANT

v.

STATE OF MISSISSIPPI                                                                   APPELLEE

DATE OF JUDGMENT:              05/06/2013
TRIAL JUDGE:                  HON. W. ASHLEY HINES
COURT FROM WHICH APPEALED:    WASHINGTON COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:      OFFICE OF STATE PUBLIC DEFENDER
                              BY: W. DANIEL HINCHCLIFF
                              EUGENE WASHINGTON (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: LADONNA C. HOLLAND
DISTRICT ATTORNEY:            WILLIE DEWAYNE RICHARDSON
NATURE OF THE CASE:           CRIMINAL - FELONY
TRIAL COURT DISPOSITION:      CONVICTED OF COUNT I, SEXUAL
                              BATTERY, COUNT II, SEXUAL BATTERY,
                              COUNT III, STATUTORY RAPE, COUNT
                              IV, SEXUAL BATTERY, COUNT V,
                              ATTEMPTED SEXUAL BATTERY, COUNT
                              VI, STATUTORY RAPE, AND COUNT VII,
                              FAILURE TO REGISTER AS A SEXUAL
                              OFFENDER, AND SENTENCED TO LIFE
                              ON COUNTS I-IV AND VI, TEN YEARS ON
                              COUNT V, AND FIVE YEARS ON COUNT
                              VII, ALL TO BE SERVED
                              CONSECUTIVELY TO EACH OTHER AND
                              IN THE CUSTODY OF THE MISSISSIPPI
                              DEPARTMENT OF CORRECTIONS, AND
                              TO PAY A $5,000 FINE
DISPOSITION:                  AFFIRMED: 08/25/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., ISHEE, CARLTON AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.    Eugene Washington was convicted of six counts related to the sexual abuse of Abby,[1] his stepdaughter, over the course of about six months, with the last occurring on Abby's thirteenth birthday. Washington was also convicted of failure to register as a sexual offender. On appeal, Washington's attorney filed a *Lindsey*[2] brief certifying that he had reviewed the record and found no arguable issues for appeal. Washington submitted his own appeal brief contending that the State presented perjured testimony and that his convictions are unsupported by the evidence. We no find error and affirm.

## DISCUSSION

¶2.    At trial, the prosecution primarily relied on the testimony of the victim, who recounted the incidents resulting in a criminal charges, each with significant detail and specificity.[3] Her mother also testified to how, a few weeks before Abby confessed the abuse to her, she had found Abby and Washington awake around 5 a.m., which was unusual, and their explanations of what they had been doing were suspicious. Abby claimed to have gotten up to use the restroom, but not the one she usually used; and Washington claimed to be

---

[1] This Court uses a fictitious name to protect the victim's identity.

[2] *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005).

[3] When she testified at trial, the victim omitted the sexual intercourse forming the basis of count three, but she did describe the incident and testified to digital penetration (count four). The evidence of sexual intercourse during that incident came from admissible hearsay from an attending nurse practitioner, who testified that Abby had told her Washington penetrated her vagina with both his fingers and his penis during that incident.

preparing a lunch for work, but no food was out. Abby confessed the abuse to her mother after her mother threatened to take her to be examined by a doctor.

¶3. Pursuant to *Derouen v. State*, 994 So. 2d 748 (Miss. 2008), the prosecution offered the testimony of "Betty," another stepdaughter who had suffered similar abuse at Washington's hands several years before. Betty's testimony was offered to show motive and a common plan or scheme.

¶4. Washington testified in his own defense. He admitted he had not registered as a sex offender in Mississippi, after moving here from Tennessee about six months before his arrest. He otherwise denied the allegations. The jury convicted him on all counts.

¶5. On appeal, Washington's attorney has filed a brief pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), certifying that he had diligently reviewed the record and was unable to find any issue that could be presented in good faith for appellate review. The attorney indicated that he had examined: (a) the reason for the arrest and circumstances surrounding the arrest of Washington; (b) any possible violation of Washington's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; (h) possible misapplication of the law in sentencing; (i) the indictment and all the pleadings in the record; (j) any possible ineffective assistance of counsel issues; (k) jury selection; (l) limitation of defense character witness testimony; (m) sentencing issues; (n) whether evidence of other sex crime evidence was properly admitted; and (o) any other possible reviewable issues.

3

¶6.    Pursuant to *Lindsey*, if appellate counsel finds no arguable issues on appeal, it is the appellate counsel's responsibility to file a brief showing that counsel has thoroughly reviewed the record and has found nothing to support an appeal. *Lindsey*, 939 So. 2d at 748 (¶18).  Counsel must then send his client a copy of the brief, informing the client that he found no arguable issue for an appeal, and he must advise the client of his right to file a pro se brief.  *Id.*  If the appellant himself raises any arguable issue in his pro se brief, or if the appellate court finds any arguable issues upon its independent review of the record, the court must, if circumstances warrant, require counsel to file supplemental briefing on the issue. *Id.*

¶7.    Washington took the opportunity to file a pro se appeal brief, offering what he submits are four issues for our consideration, which we have rearranged and consolidated for analysis.  After a thorough review of the record, we find no merit to Washington's issues and that no further briefing is warranted.

### 1.  Perjured Testimony

¶8.    Washington alleges that the prosecutor knowingly presented perjured testimony from several witnesses. Washington's former stepdaughter, Betty, testified that Washington had attempted to rape her when she was thirteen years old.  She reported the incident to the police department in Memphis, Tennessee, where they lived; it resulted in Washington pleading guilty to sexual battery.  Washington was sentenced to house arrest, and he continued to reside with Betty and her mother.  Washington subsequently sexually abused and raped Betty.

4

She became pregnant by him, and the pregnancy resulted in a miscarriage. The jury was given a limiting instruction as required by *Derouen,* 994 So. 2d at 756 (¶20).

¶9. Washington contends that the testimony regarding the abuse of Betty after his conviction for sexual battery was perjured, for several reasons. He claims that Betty did not report the rape and pregnancy to the authorities in Memphis when she reported the prior abuse, but this is not a contradiction because she testified that the rape and pregnancy occurred after the report. Washington also appears to contend that the testimony was improperly admitted because he was never convicted of a crime for the subsequent abuse of Betty, but prior bad acts submitted under Mississippi Rule of Evidence 404(b) do not require a conviction. *Mitchell v. State*, 990 So. 3d 584, 593 (¶20) (Miss. 2012); *see also* M.R.E. 404(b) cmt. ("These past acts admitted into evidence may be ones for which the person in question was either convicted or not convicted.").

¶10. Washington also alleges that Betty lied about not knowing whether he had been charged and convicted of a crime. In fact, she testified that – at the time of her testimony in the instant case – she knew Washington had been convicted, and that she did not know it years before. This is not necessarily a contradiction.

¶11. Finally, Washington argues that Abby's mother perjured herself when she testified that she did not know he was a convicted sex offender, yet she had told a nurse attending to her daughter that he was. Abby's mother actually testified that she had heard rumors about Washington and she was uncertain at the relevant times. Again, the testimony cited by

5

Washington is not necessarily contradictory, much less shown to have been perjured.

¶12.    We find no error on this point and that no further briefing is required.

**2. Sufficiency of the Evidence**

¶13.    Washington also contends that the evidence was insufficient to support his convictions for sexual battery and statutory rape (he does not challenge the conviction for failure to register as a sex offender).

¶14.    When the sufficiency of the evidence is challenged, the issue before this Court on appeal is whether the evidence shows "beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed." *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005) (citation omitted). "[W]here the evidence fails to meet this test it is insufficient to support a conviction." *Id.*

¶15.    But, as the United States Supreme Court has explained, a court should not "ask itself whether *it* believes that the evidence established guilt beyond a reasonable doubt." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 315 (1979)) (emphasis in original; internal quotation marks omitted). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Jackson,* 443 U.S. at 315).

¶16.    A reviewing court must reverse the conviction and render a judgment of acquittal if

"the facts and inferences . . . point in favor of the defendant on any [one] element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty." *Id.* (citation and internal quotation marks omitted).

¶17. Washington bases his argument almost entirely on a medical examination of the victim, conducted some weeks after the final assault, which found that her anus and hymen were "normal," showing no scarring or injury. However, the nurse practitioner who performed the exam testified that this was not unusual or inconsistent with the acts alleged, which included statutory rape, sexual battery by mouth-to-vagina contact, digital insertion, and attempted sexual battery by attempted insertion of the penis into the anus. Washington also notes that Abby testified that the acts Washington performed on her did not hurt or cause her to bleed, and he questions whether she sufficiently described penetration when testifying to incidents where Washington performed oral sex on her.

¶18. Where penetration is a required element of rape or sexual battery, only slight penetration is required. *Bateman v. State*, 125 So. 3d 616, 623 (¶19) (Miss. 2013). The supreme court has also held that, for sexual battery, "proof of contact, skin to skin, between a person's mouth, lips, or tongue and the genital opening of a woman's body, whether by kissing, licking, or sucking, is sufficient proof of 'sexual penetration' . . . ." *Id.* The acts required to support Washington's convictions would not necessarily injure the victim's hymen or anus.

¶19. Washington next argues that Betty's testimony regarding the prior misconduct was

perjured, but we have already rejected that argument. He also contends that her testimony was highly prejudicial to him, but this is not an argument regarding the sufficiency of the evidence. Nonetheless, we note that the trial judge acknowledged the prejudicial nature of Betty's testimony, but he also found it to have significant probative value; and the testimony was admitted only after balancing the probative value against the prejudicial impact. *See* M.R.E. 403. The trial court also properly gave a limiting instruction to mitigate the prejudice. *See Derouen,* 994 So. 2d at 756 (¶20).

¶20. After our own review of the record, we are satisfied that each of Washington's convictions is supported by sufficient evidence, and this issue requires no further briefing.

### 3. Weight of the Evidence

¶21. Finally, Washington argues that the verdict is against the overwhelming weight of the evidence, which is distinct from the sufficiency argument we have previously addressed. A challenge to the weight of the evidence will be successful only when the verdict "is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Bush*, 895 So. 2d at 844 (¶18). "[T]he evidence must be viewed in the light most favorable to the verdict[.]" *Jenkins v. State*, 131 So. 3d 544, 551 (¶23) (Miss. 2013).

¶22. A new trial based on the weight of the evidence should be granted "only in exceptional cases in which the evidence preponderates heavily against the verdict." *Bush*, 895 So. 2d at 844 (¶18) (citation omitted). And because the trial judge had a firsthand view

8

of the trial, "reversal is warranted only if the trial court abused its discretion in denying [the] motion for a new trial." *Waits v. State*, 119 So. 3d 1024, 1028 (¶13) (Miss. 2013).

¶23. Washington's argument on this point is largely a rehashing of his prior arguments above. He notes also, however, that Betty agreed on cross-examination that Washington "cannot be punished enough" and that she was still angry with him for what he had done to her. He makes further attacks on the credibility of the witnesses against him, but "[c]onflicting testimony does not evince overwhelming evidence; where the verdict turns on the credibility of conflicting testimony and the credibility of the witnesses, it is the jury's duty to resolve the conflict." *Brown v. State*, 995 So. 2d 698, 702 (¶13) (Miss. 2008) (citation and quotation omitted).

¶24. After reviewing the record, we find that the verdict is not against the overwhelming weight of the evidence, and that no further briefing is required on this issue.

## CONCLUSION

¶25. After examining Washington's pro se brief and thoroughly reviewing the record in this case, we agree with Washington's appointed counsel that there are no arguable issues on appeal. We therefore affirm Washington's conviction and sentence.

¶26. **THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY OF CONVICTION OF COUNT I, SEXUAL BATTERY, COUNT II, SEXUAL BATTERY, COUNT III, STATUTORY RAPE, COUNT IV, SEXUAL BATTERY, COUNT V, ATTEMPTED SEXUAL BATTERY, COUNT VI, STATUTORY RAPE, AND COUNT VII, FAILURE TO REGISTER AS A SEXUAL OFFENDER, AND SENTENCES OF LIFE ON COUNTS I-IV AND VI, TEN YEARS ON COUNT V, AND FIVE YEARS ON COUNT VII, ALL TO BE SERVED CONSECUTIVELY TO EACH OTHER AND IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF**

CORRECTIONS, AND TO PAY A $5,000 FINE, IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.

LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, JAMES AND WILSON, JJ., CONCUR.