◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID T. CHANDLEY, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered December 27, 1979, upon a verdict convicting defendant of two counts each of the crimes of sodomy in the third degree and rape in the third degree. Defendant, a psychiatric nurse at the Capital District Psychiatric Center (CDPC) in Albany, was indicted on two counts each of rape in the third degree (Penal Law, § 130.25, subd 1) and sodomy in the third degree (Penal Law, § 130.40, subd 1), committed against two women who were each alleged to be incapable of consent by reason of being mentally defective due to her emotional and mental state. Evidence at the trial established that each woman had a history of treatment for mental illness and first came into contact with defendant in his professional capacity when she sought mental health assistance from CDPC. Defendant's first point on appeal is that County

---

Court erroneously denied his motion to suppress a confession on the ground that it was the product of an illegal arrest, there being a lack of probable cause. At the time of the arrest, the police had taken written statements from each of the complainants, had interviewed the head of CDPC, and defendant had responded to a telephone call purportedly for mental health assistance staged by a female State trooper by asking her whether he could come to see her at her residence and then had done so when she replied affirmatively. The victims' statements, whether or not read by the suppression court at the time of the hearing, taken with the foregoing additional evidence, provided a more than sufficient factual basis to sustain defendant's arrest. They identified defendant, the means by which contact was established, the depressed mental state of the victims, the perpetration of various sexual (including sadomasochistic) acts, and the fact that the victims were induced to co-operate because of defendant's professional status. Defendant's second assignment of error is the court's denial of his request for an order permitting a mental examination of the victims by a defense psychiatric expert. We need not resolve this issue here, however, because of the clear inadequacy and untimeliness of the defense's application. Defendant earlier had made a timely formal demand for discovery of other information. The request to have victims examined was made orally, at the conclusion of the suppression hearing, only one business day before the trial was to commence and for the express purpose "in order to effectively cross-examine those particular individuals [referring to the complainants]". Moreover, defense counsel appears to have been content to follow the court's alternative suggestion that preparation for effective cross-examination could be accomplished through subpoenaing the complainants' hospital records. Nor did defendant renew his application after the testimony of the prosecution's psychiatric expert. Consequently, defendant did not adequately raise the issue at trial in order to preserve it for appeal, and we decline to review it in the interests of justice. Defendant's remaining points are without merit. It was permissible for the prosecution to introduce evidence of an uncharged crime, related in nature, time, and *modus operandi,* for purposes of corroboration and establishing intent or common design (*People v Fuller,* 50 NY2d 628, 636; *People v Fielding,* 39 NY2d 607, 612; cf. *People v Jones,* 69 AD2d 912, 913, affd 51 NY2d 915; *People v Ryan,* 12 AD2d 841, 842-843). Nor was any error committed by County Court in directing the jury to continue deliberating after the forelady had indicated that "the consensus of the jury is that we are at an impasse", in denying a mistrial motion, or in later polling the jury in a noncoercive manner as to whether they could achieve a verdict through further deliberations (*People v Wyche,* 79 AD2d 1070; *People v McKown,* 71 AD2d 730). In view of the reprehensible character of defendant's conduct in committing these offenses against mentally ill patients, there was no abuse of discretion in the sentences imposed. For all of the foregoing reasons, the convictions should be affirmed. Judgment affirmed. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.