# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-KA-01005-SCT

*SHANNON TROY DEROUEN a/k/a TROY DEROUEN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 5/2/2007 |
| TRIAL JUDGE: | HON. ROBERT P. KREBS |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | BRENDA JACKSON PATTERSON |
| | GLENN S. SWARTZFAGER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL, |
| | BY: LADONNA C. HOLLAND |
| DISTRICT ATTORNEY: | ANTHONY N. LAWRENCE, III |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/20/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC**.

**GRAVES, JUSTICE, FOR THE COURT:**

**PART ONE**

¶1.     Shannon Troy Derouen was convicted in the Circuit Court of Jackson County of two counts of fondling. Derouen was sentenced to two, fifteen-year sentences to be served concurrently in the custody of the Mississippi Department of Corrections, with eight years to serve and the remainder on post-release supervision. Subsequently, Derouen filed this appeal. Because we find that the issues raised by Derouen are without merit, we affirm his conviction.

## FACTS AND PROCEDURAL HISTORY

¶2.    J.D., then eight years old, often visited in the home of her step-uncle, Shannon Troy Derouen, and his family. During one of these visits, J.D. spent the night and was lying on the couch in the living room watching television after everyone had gone to bed. Derouen went into the living room, got on the couch with J.D., then placed his hand on and rubbed J.D.'s vaginal area.

¶3.    Several months later, J.D. was again spending the night at Derouen's house on the couch in the living room. Derouen again went into the living room and got under the covers on the couch with J.D. Derouen took J.D.'s hand and placed it on his penis and rubbed it. Derouen's nephew, Bronson Derouen, walked in and witnessed Derouen under the covers on the couch with J.D. J.D. then left the couch and went to the bathroom where Bronson heard her crying. When asked what was wrong, J.D. responded that she had a stomach ache.

¶4.    Some months later during a presentation on inappropriate touching, J.D. told her fourth-grade teacher, Ann Ladnier, what had happened as set out above. Ladnier referred J.D. to the school counselor, who contacted the Mississippi Department of Human Services (MDHS). Alton Hebron, a social worker with MDHS, went to the school and interviewed J.D. Subsequently, Sarah Bishop Carothers, a forensic interviewer with South Mississippi Child Advocacy Center, interviewed J.D. J.D. related the same version of the events to her teacher, the school counselor, Hebron, and Carothers. Thereafter, Derouen was indicted on two counts of touching a child for lustful purposes by a person in a position of trust. He was convicted and sentenced to serve two concurrent fifteen-year sentences in the custody of the Mississippi Department of Corrections, with eight years to serve and the remainder on post-

2

release supervision. Thereafter, Derouen filed this appeal, asserting that the trial court should not have admitted hearsay testimony under the tender-years doctrine and that the verdict was against the overwhelming weight and sufficiency of the evidence. Further, the State filed a cross-appeal asking this Court to overrule ***Mitchell v. State***, 539 So. 2d 1366 (Miss. 1989).

## ANALYSIS

**I. The trial court should not have admitted the hearsay testimony of the victim by the social worker and the forensic interviewer under the tender-years exception.**

¶5.     Derouen asserts that the testimony of Hebron and Carothers should not have been admitted prior to a factual determination that (1) the alleged victim was a child of tender years and (2) that the hearsay statements of the alleged victim provided substantial indicia of reliability. Moreover, Derouen asserts that the trial court failed to question J.D., the social worker, and the forensic interviewer and afterward make (1) a finding on the record that the child was of tender years and (2) a finding of substantial indicia of reliability of the testimony of the social worker and the forensic interviewer. The tender-years exception is governed by Rule 803(25) of the Mississippi Rules of Evidence (M.R.E.), which reads:

> A statement made by a child of tender years describing any act of sexual contact performed with or on the child by another is admissible in evidence if: (a) the court finds, in a hearing conducted outside the present of the jury, that the time, content, and circumstances of the statement provide substantial indicia of reliability; and (b) the child either (1) testifies at the proceedings; or (2) is unavailable as a witness: provided, that when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.

M.R.E. 803(25).

¶6.     This Court has held:

Today we hold that there is a rebuttable presumption that a child under the age of twelve is of tender years. . . . Where an alleged sexual abuse victim is twelve or older, there is no such presumption and the trial court must make a case-by-case determination as to whether the victim is of tender years. This determination should be made on the record and based on a factual finding as to the victim's mental and emotional age. If the court finds that the declarant is of tender years, then it must still rule on the Rule 803(25)(a) and (b) factors before admitting the testimony.

*Veasley v. State*, 735 So. 2d 432, 436-37 (Miss. 1999).

¶7. The victim here, J.D., was under the age of twelve. Therefore, a presumption of tender years existed, and the trial court did not have to make such a determination. Moreover, while Derouen did raise an objection to the application of the tender-years exception to the testimony of the teacher Ann Ladnier, Derouen failed to raise any such objection as to either Hebron or Carothers. This Court has consistently held that the failure to make a contemporaneous objection constitutes waiver of an issue on appeal. *See Walker v. State*, 671 So. 2d 581, 587 (Miss. 1995). Therefore, this issue is procedurally barred. Further, the trial court did conduct a hearing outside the presence of the jury and made a finding of substantial indicia of reliability as to Ladnier. J.D.'s statements to Hebron and Carothers were consistent with her statements to Ladnier. For these reasons, we find that this issue is without merit.

**II. The jury verdict was against the overwhelming weight and sufficiency of the evidence.**

¶8. This Court has held that the standard of review for the denial of a motion for a judgment notwithstanding the verdict is determined by the sufficiency of the evidence. *Withers v. State*, 907 So. 2d 342, 350-51 (Miss. 2005). "This Court must review the trial court's finding regarding sufficiency of the evidence at the time the motion for JNOV was

4

overruled." *Id.* (quoting *Eakes v. State*, 665 So. 2d 852, 872 (Miss. 1995)). The evidence is viewed in the light most favorable to the State and all credible evidence supporting the conviction is taken as true. *Id.* at 351. "Only where the evidence, as to at least one of the elements of the crime charged, is such that a reasonable and fair minded jury could only find the accused not guilty, will this Court reverse." *Id.*

¶9. Derouen asserts that it was merely J.D.'s word against his and that there was no physical or eyewitness evidence of fondling. This Court has found that "the testimony of a single uncorroborated witness is sufficient to sustain a conviction . . . even though there may be more than one person testifying to the contrary. . . ." *Williams v. State*, 512 So. 2d 666, 670 (Miss. 1987) (citations omitted). Further, this Court has held that: "[T]he unsupported word of the victim of a sex crime is sufficient to support a guilty verdict where that testimony is not discredited or contradicted by other credible evidence. . . ." *Torrey v. State*, 891 So. 2d 188, 192 (Miss. 2004) (quoting *Collier v. State*, 711 So. 2d 458, 462 (Miss. 1998)).

¶10. J.D.'s testimony was corroborated by her prior statements to Ladnier, Hebron, and Carothers. *See Smith v. State*, 925 So. 2d 825, 831-32 (Miss. 2006). Bronson Derouen witnessed Derouen under the covers on the couch with J.D. and then witnessed J.D. in the bathroom crying immediately thereafter. Moreover, there is typically no physical evidence of fondling. We find that the evidence is not such that a reasonable jury could only find Derouen not guilty. Therefore, this issue is without merit.

¶11. A motion for a new trial challenges the weight of the evidence and is reviewed by an abuse-of-discretion standard. *Smith*, 925 So. 2d at 832. "In reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, this Court will disturb a

5

verdict only 'when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.'" *Id.* (quoting *Bush v. State*, 895 So. 2d 836, 844 (Miss. 2005)).

¶12.    In this case, the testimony of J.D., Bronson Derouen, Ladnier, Carothers, Hebron, and the other witnesses provided a basis for the jury's determination of guilt. Accordingly, the verdict was not contrary to the overwhelming weight of the evidence. Therefore, this argument is without merit.

## CONCLUSION

¶13.    For the reasons stated herein, we affirm Derouen's judgment of conviction and sentence.

## PART TWO

## THE STATE'S CROSS-APPEAL

## CARLSON, JUSTICE, FOR THE COURT:

¶14.    On cross-appeal, the State requests that we overrule *Mitchell v. State*, 539 So. 2d 1366 (Miss. 1989). The trial judge in today's case, in reliance upon *Mitchell*, refused to allow the State to call two witnesses during the trial to testify to prior incidents of Derouen's sexual abuse against other children. Believing that in *Lambert v. State*, 724 So. 2d 392, 394 (Miss. 1998), this Court adequately informed the trial bench and bar "that there could be a case where similar evidence could be admissible," Justice Graves opines in his dissent that there was no need to overrule *Mitchell*. However, it is the opinion of a majority of this Court that now is the time (rather than later) to address this issue directly in order to give guidance to the trial bench and bar in criminal cases similar to the one before us today. This fact is obvious

6

because the record reveals in today's case that the trial judge dutifully followed *Mitchell* and *Lambert* in disallowing the State's evidence concerning Derouen's purported sexual abuse of other children.

¶15.   In *Mitchell*, this Court reversed Mitchell's conviction and sentence for fondling a five-year-old child, based on a perceived violation of our then-newly-enacted Mississippi Rules of Evidence.  During Mitchell's trial, two witnesses for the State were permitted to testify to out-of-court statements purportedly made by the minor victim. This Court reversed Mitchell's conviction and sentence and remanded the case "to the trial court for consideration of this testimony under M.R.E. 803 exceptions."[1]

¶16.   However, of significant import in *Mitchell* was Presiding Justice Hawkins's dissent. Presiding Justice Hawkins poignantly revealed a flaw in the majority's analysis by stating:

> Neither has the majority made an examination of cases nationwide as to whether or not in the prosecution of sex cases of this nature evidence of similar crimes committed upon others is admissible. That is also unfortunate. The overwhelming weight of authority is that in the unusual context of cases of this nature such evidence is admissible. The authorities are exhaustively annotated in 77 A.L.R.2d 841-908 (1958 and Supp. 1986); see, *Lingerfelt v. State*, 147 Ga. App. 371, 249 S.E.2d 100 (1978); *Grey v. State*, 273 Ind. 439, 404 N.E.2d 1348 (1980); *McKinney v. State*, 505 S.W.2d 536 (Tex. Crim. 1974); *People v. Jackson*, 110 Cal. App. 3d 560, 167 Cal. Rptr. 915 (1st Dist. 1980); *People v. Crespin*, 631 P. 2d 1144 (Colo. App. 1980); *McGahee v. Massey*, 667 F.2d 1357 (11th Cir. 1982); *People v. Di Giacomo* 71 Ill. App. 3d 56, 27 Ill. Dec. 232, 388 N.E.2d 1281 (1979); *Austin v. State*, 262 Ind. 529, 319 N.E.2d 130, cert. den. 421 U.S. 1012, 44 L. Ed. 2d 680, 95 S. Ct. 2417, not following *Meeks v. State*, 249 Ind. 659, 234 N.E.2d 629 (1968); *Porter v. State*, 272 Ind. 267, 397 N.E.2d 269 (1979); *People v. Clark*, 62 Mich. App. 740, 233 N.W.2d 856

---

[1]At the time of this Court's decision in *Mitchell*, Rule 803 did not contain section (25), the tender-years exception; therefore, this Court held that the tender-years exception which existed in case law had been abrogated via the judicially enacted Mississippi Rules of Evidence.  *Mitchell*, 539 So. 2d at 1369.

7

(1975); *State v. Gatlin*, 295 N.W.2d 538 (Minn. 1980); *State v. Reinke*, 343 N.W.2d 660 (Minn. 1984); *Hough v. State*, 70 Wis. 2d 807, 235 N.W.2d 534 (1975); *Howton v. State*, 391 So. 2d 147 (Ala. App. 1980); *People v. Greene*, 34 Cal. App. 3d 622, 110 Cal. Rptr. 160 (1st Dist. 1973); *State v. Evans*, 212 Neb. 476, 323 N.W.2d 106 (1982); *State v. Burchfield*, 664 S.W.2d 284 (Tenn. 1984); *People v. Hammer*, 98 Mich. App. 471, 296 N.W.2d 283 (1980); *State v. Sutton*, 4 N.C. App. 664, 167 S.E.2d 499 (1969); *Bissell v. State*, 157 Ga. App. 711, 278 S.E.2d 415 (1981); *Estes v. State*, 244 Ind. 691, 195 N.E.2d 471 (1964); *Kerlin v. State*, 255 Ind. 420, 265 N.E.2d 22 (1970); *Gilman v. State*, 258 Ind. 556, 282 N.E.2d 816 (1972); *Pieper v. State*, 262 Ind. 580, 321 N.E.2d 196 (1975); *Bowen v. State*, 263 Ind. 558, 334 N.E.2d 691 (1975); *State v. Carignan*, 272 N.W.2d 748 (Minn. 1978); *State v. Griffin*, 497 S.W.2d 133 (Mo. 1973); *State v. Young*, 661 S.W.2d 637 (Mo. 1984) (citing annotation); *Willett v. State*, 94 Nev. 620, 584 P.2d 684 (1978); *People v. Chandley*, 89 App. Div. 2d 740, 453 N.Y.S.2d 919 (1982); *State v. Gardner*, 59 Ohio St. 2d 14, 13 Ohio Ops. 3d 8, 391 N.E.2d 337 (1979); *Commonwealth v. Booth*, 291 Pa. Super. 278, 435 A.2d 1220 (1981); *Johnston v. State*, 418 S.W.2d 522 (Tex. Crim. 1967); *O'Neal v. State*, 421 S.W.2d 391 (Tex. Crim. 1967); *McDonald v. State*, 513 S.W.2d 44 (Tex. Crim. 1974); *State v. Yates*, 220 Kan. 635, 556 P.2d 176 (1976).

*Mitchell*, 539 So. 2d at 1374-75 (Hawkins, P.J., dissenting).

¶17.   Several years later, this Court was again confronted with this issue.  In *Lambert v. State*, 724 So. 2d 392 (Miss. 1998), this Court granted the State's petition for writ of certiorari after the Court of Appeals, in reliance on *Mitchell*, reversed Lambert's conviction and sentence due to the trial court's "admission of evidence of improper conduct with young girls besides that for which he was on trial." *Id.* at 393.  Basically, the question before this Court in *Lambert* was as follows: True or False – Any time evidence of a sexual offense other than the one charged, which involves a victim other than the victim of the charged offense, is admitted, then that admission of evidence of the offense is per se reversible, even if the evidence at issue comes under one of the exceptions listed under Mississippi Rule of Evidence

404(b). *Id.* at 394. This Court in ***Lambert*** answered "True."[2] *Id.* Three members of this

Court took issue with the majority in ***Lambert***, stating with a poignancy similar to that of

Presiding Justice Hawkins almost ten years earlier:

> The Court of Appeals has correctly interpreted and relied on this Court's prior holding in ***Mitchell v. State***, 539 So. 2d 1366 (Miss. 1989). ***Mitchell***, however, is flawed law. It aids only those who least deserve its benefits: those who repeatedly commit sexually violent acts and predatory pedophiles. I would overrule ***Mitchell*** since it arbitrarily instructs that admission of evidence of a sexual offense against one other than the victim is per se reversible. Astonishingly, ***Mitchell*** calls for reversal even when the evidence comes under one of the exceptions of M.R.E. 404(b). Since the majority's holding does little to correct the reasoning of ***Mitchell***, I must respectfully dissent.

> It is the general rule that prior bad acts are inadmissible to prove character. However, such acts may be admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. M.R.E. 404(b). In contrast to this Court's holding in ***Mitchell***, the majority recognizes there could be a case where similar evidence would be admissible. However, the majority finds that the evidence offered here, the testimony of girls other than the victim, is so prejudicial that its introduction was reversible error. ***Mitchell*** has produced, in the words of Alexander Pope, " . . . a work where nothing's just or fit, one glaring chaos and wild heap of wit." According to ***Mitchell*** logic, as applied in this case, if evidence is **effective**, it must be prejudicial since it tends to establish the truth, it must be stricken. How ridiculous.

> The trial judge balanced the probative value of the testimony with its prejudice on the record and found the evidence should be allowed under M.R.E. 403. "A trial judge enjoys a great deal of discretion as to the relevancy and admissibility of evidence. Unless the judge abuses his discretion so as to be prejudicial to the accused, the Court will not reverse this ruling." ***Stevens v. State***, 717 So. 2d 311, 313 (Miss. 1998) (citing ***Fisher v. State***, 690 So. 2d 268, 274 (Miss.1996)). I do not find the trial judge abused his discretion.

---

[2]In ***Lambert***, the Court admittedly did state that "[w]hile we agree that there *could* be a case where similar evidence *could* be admissible, the Court of Appeals was correct in reversing Lambert's conviction." *Id.* at 394 (emphasis added).

Sex crimes against children are furtive, secret events usually lacking evidence other than the conflicting testimony of the defendant and the victim. The only viable proof of motive, intent, plan, knowledge, identity or absence of mistake or accident may be the pattern of abuse suffered by others at the hands of the defendant. The need for this type of evidence has influenced the law in several states.

The Louisiana Supreme Court, when faced with the testimony of various neighbors and friends that the defendant had sexually assaulted them, held in a similar case:

> Finally, defendant contends that any probative value would be outweighed by prejudice, especially when one considers that some of the alleged events in question occurred over twenty years prior to the instant charges being brought. The state focuses instead on the necessity of the other crimes evidence to corroborate the testimony of the very young victim.
>
> If admitted, this evidence will be relevant to show, contrary to the defendant's attempted exculpatory statement, that the facts giving rise to the instant charges were neither unintended nor accidental. Defendant's motive would also be disclosed: a seemingly uncontrollable desire to partake in pedophilic sexual activities with young and developing female juveniles. Finally, defendant's means of accomplishing these activities on past occasions bear substantial resemblance to each other and with the present offense.

*State v. Driggers*, 554 So. 2d 720, 726 (La. Ct. App.1989). The Louisiana Supreme Court also recently held there was no abuse of discretion in allowing testimony regarding a prurient statement made to an eight year old girl who was not the victim of the alleged abuse and was not related to the defendant. *State v. Miller*, 718 So. 2d 960 (La. 1998).

*In Ex parte Register*, 680 So. 2d 225 (Ala. 1994), the Alabama Supreme Court found no abuse of discretion by the trial court in allowing the defendant's natural daughter to testify to the defendant's previous improper conduct when defendant was charged with abuse of his step-daughter. In *Shapiro v. State*, 696 So. 2d 1321 (Fla. Dist. Ct. App. 1997), the Florida court found no abuse of discretion when a former patient testified to improper conduct by a psychologist and the psychologist was charged with sexual misconduct against another patient.

I find the reasoning of this Court in ***Mitchell*** undermines the balancing process contemplated by M.R.E. 403 and conflicts with M.R.E. 404(b) by imposing a virtual ban on evidence other than that of the relationship between the victim and the accused. The court below did not abuse its discretion when it found the probative value of the evidence outweighed the prejudicial effect under Rule 403. For these reasons, I would overrule this Court's decision in ***Mitchell***, reverse the decision of the Court of Appeals, and affirm the decision of the Walthall County Circuit Court.

***Lambert***, 724 So. 2d at 395-96 (Mills, J., dissenting, joined by Roberts and Smith, JJ.).

¶18.     In other words, the practical effect of this Court's decision in ***Lambert*** was that, notwithstanding the existence of Mississippi Rule of Evidence 404(b) and Mississippi Rule of Evidence 403, this Court will make an exception in sex crimes involving children in such a way that this Court is "aid[ing] only those who least deserve its benefits: those who repeatedly commit sexually violent acts and predatory pedophiles." ***Lambert***, 724 So. 2d at 395 (Mills, J., dissenting). Stated differently, we find that our holding in ***Mitchell,*** reaffirmed in ***Lambert***, does irreversible harm to the most innocent and defenseless in society – our young children. As it stands now, the status of the law in Mississippi is that evidence of a defendant's sexual abuse of other minor victims is per se inadmissible under Rule 404(b), thereby eliminating the balancing test required under Rule 403. This is totally contrary to our rules of evidence and well-established case law. ***Givens v. State***, 967 So. 2d 1, 9 (Miss. 2007) (Rule 403 is ultimate filter through which relevant evidence must pass) (quoting ***Jones v. State***, 920 So. 2d 465, 475 (Miss. 2006)). *See also* ***Hoops v. State***, 681 So. 2d 521, 530-31 (Miss. 1996); ***Watts v. State***, 635 So. 2d 1364, 1368 (Miss. 1994); ***Jenkins v. State***, 507 So. 2d 89, 93 (Miss. 1987).

11

¶19.   As did the dissenters in *Mitchell* and *Lambert*, we find no logic in the reality that, notwithstanding the existence of well-reasoned law, this Court previously has made an exception in sex-crime cases involving children where potentially proper Rule 404(b) evidence is per se inadmissible, without even allowing the trial judge to conduct the proper Rule 403 balancing test to determine if otherwise relevant evidence should be excluded because the probative value of such evidence is substantially outweighed by the danger of unfair prejudice (or conversely, if otherwise relevant evidence should be admitted because the probative value of such evidence is *not* substantially outweighed by the danger of unfair prejudice).  As Justice Mills stated in his dissent in *Lambert*, not only is the *Mitchell*-made law flawed, it is "ridiculous," because "[a]ccording to *Mitchell* logic, as applied in [*Lambert*], if evidence is *effective*, it must be prejudicial since it tends to establish the truth, it must be stricken." *Lambert*, 724 So. 2d at 395 (Mills, J., dissenting) (emphasis in original).

¶20.   For these reasons, while we agree with Justice Graves's affirmance of Derouen's conviction and sentence on direct appeal, we likewise rule in favor of the State on its cross-appeal and unequivocally overrule and bury *Mitchell* and its progeny, including *Lambert*, as these cases relate to the per se exclusion of evidence of a sexual offense, other than the one charged, which involves a victim other than the victim of the charged offense for which the accused is on trial. Stated differently, such evidence, if properly admitted under Rule 404(b), filtered through Rule 403, and accompanied by an appropriately-drafted limiting or cautionary instruction to the jury, should not be considered per se error.

¶21.   Finally, we find that it is now time for this Court to consider amending the Mississippi Rules of Evidence by way of the adoption of rules modeled after Federal Rules of Evidence

413 and 414; therefore, this matter is referred to this Court's Rules Committee for study and recommendation to the en banc Court.

¶22. **COUNTS I AND II: CONVICTIONS OF TOUCHING A CHILD FOR LUSTFUL PURPOSES WHILE IN A POSITION OF TRUST OR AUTHORITY AND SENTENCES OF FIFTEEN (15) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH EIGHT (8) YEARS TO SERVE AND BALANCE OF SENTENCES TO BE ON POST-RELEASE SUPERVISION, AFFIRMED. SENTENCES IN COUNTS I AND II SHALL RUN CONCURRENTLY.**

**PART I: WALLER AND DIAZ, P.JJ., CARLSON, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR. SMITH, C.J., CONCURS IN PART. EASLEY, J., CONCURS IN PART AND IN RESULT.**

**PART II: CARLSON, J., SMITH, C.J., WALLER, P.J., DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR. GRAVES, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ, P.J., AND EASLEY, J.**

**GRAVES, JUSTICE, DISSENTING:**

**PART TWO**
**THE STATE'S CROSS-APPEAL**

¶23. While I write to affirm Derouen's conviction in Part One set out above, I would decline to overrule *Mitchell v. State*, 539 So. 2d 1366 (Miss. 1989), pursuant to the State's cross-appeal. Therefore, I respectfully dissent as to Part II. The State attempted to call two witnesses at trial to testify as to prior incidents of sexual abuse by Derouen against other children. The trial court found that such evidence was inadmissible in accordance with *Mitchell*. On cross-appeal, the State asks this Court to overrule *Mitchell* as to the finding regarding the admission of evidence of unrelated crimes against other children. However, this Court previously addressed that issue in *Lambert v. State*, 724 So. 2d 392 (Miss. 1998). In *Lambert*, this Court clarified *Mitchell* by acknowledging that there may be a case where such

13

evidence of other crimes could be admissible. *Id.* at 394. Moreover, while federal courts have admitted such evidence, this Court has not adopted the applicable federal rules providing for the admission of such evidence.[3] Therefore, I would decline to overrule *Mitchell* at this time and find the State's cross-appeal to be without merit. Accordingly, I dissent.

**DIAZ, P.J., AND EASLEY, J., JOIN THIS OPINION.**

---

[3]Rule 413 of the Federal Rules of Evidence (F.R.E.) provides, in relevant part:

> In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant.

F.R.E. 413(a). Further, Rule 414 provides, in relevant part:

> In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

F.R.E. 414(a).