ROBERTS, J.,
for the Court:
¶ 1. This appeal stems from Taryn East-erling’s conviction on November 23, 2010, in the Pearl River County Circuit Court for aggravated DUI. The circuit court sentenced Easterling to a total term of twenty years with the Mississippi Department of Corrections (MDOC): five years in custody; two years in the Intensive Supervision House Arrest Program; and upon successful completion of the program, thirteen years of post-release supervision (PRS) with five years of reporting. Easterling was fined $1,500 and ordered to pay $2,500 to the victim’s compensation fund. She now appeals.
FACTS AND PROCEDURAL HISTORY
¶ 2. On September 22, 2007, Taryn East-erling, her husband Mike Easterling, and Nicolette Jenkins embarked on a trip from Kiln, Mississippi, to New Orleans, Louisiana, to belatedly celebrate the Easterlings’ wedding anniversary. At the time, Jenkins was pregnant, unemployed, and living with, as well as dependent upon, the East-erlings for food and shelter.
¶ 3. The Easterlings spent the majority of the night in New Orleans drinking and partying. Jenkins was to be the designated driver, so she refrained from any significant drinking. The group left New Orleans around 5 a.m. to return to Mississippi. It is disputed as to who was driving the Easterlings’ Dodge Durango. During the return trip on 1-59, the Du-rango struck the rear bumper of a pickup truck driven by Clarence McCraney. While traveling north at a high rate of speed, the Easterlings’ Durango impacted the rear of McRaney’s slower moving pickup truck. The impact caused the truck to flip over and go off the road and down an embankment. The truck was crushed by the impact, and McCraney, the seventy-nine-year-old driver, died as a result of the crash.
¶ 4. Jenkins originally told investigators that she was the driver of the Durango, but at Easterling’s trial, Jenkins testified that she was not the driver of the Duran- *792 go that night and that Easterling was driving. Jenkins testified that Easterling had repeatedly asked her to accept responsibility for driving the Durango, and Mike had offered to provide Jenkins with counsel for any legal charges. Further, both Easterling and Mike told Jenkins that she would only get probation. Jenkins admitted at trial that she initially lied to authorities about driving because she knew Easterling had a previous DUI charge pending at the time. Three disinterested witnesses to the fatal collision testified the driver of the Durango was the non-pregnant female, which was East-erling since Jenkins was pregnant at the time. One of those witnesses testified to overhearing a conversation between Jenkins and Easterling immediately after the collision in which Easterling was trying to convince Jenkins to agree to tell the authorities that she, Jenkins, was the driver.
¶ 5. On November, 14, 2008, Easterling was indicted for aggravated DUI. Prior to trial the State filed a motion under Mississippi Rule of Evidence 404(b) attempting to show that Easterling had a prior DUI charge. The trial judge ruled that this evidence was more prejudicial than probative and refused to allow the State to introduce the prior DUI in its case-in-chief. In his ruling, the trial judge stated that “should the defendant open the door[,] the State shall be able to use the prior DUI arrest.” It appears from the record that prior to the time of trial, a civil wrongful-death suit had been filed, and both Easterling and Jenkins had been deposed under oath regarding the accident. On cross-examination of Easterling at trial, the State asked the following question: “Now, Ms. Easterling, at your deposition this question was asked of you: ‘Have you ever had any criminal charges filed against you?’ Do you remember that?” Easterling’s attorney objected. The State argued the question was being used for impeachment purposes and went to Easterling’s credibility because at her deposition, Easterling answered negatively when questioned if she had ever had any criminal charges filed against her before the accident. The prosecution claimed this was a false statement under oath because Easterling had a prior DUI charge pending against her. The circuit court ruled that the question would be allowed, and ordered Easterling to answer the question. The circuit court found that Easterling had opened the door to her credibility when she took the stand in her defense and that the question went to her credibility and honesty. The exchange between Easterling and counsel for the State continued as follows:
Q: Ms. Easterling, I’ll ask you again. Do you remember the attorney at the deposition asking you if you have had any criminal charges filed against you?
A: I believe he did, yes.
Q: And do you remember what your answer was?
A: I believe it was “yes.”
Q: Ms. Easterling, I’m handing you a copy of your deposition, Page 12 of your deposition. And the question is: “Have you ever had any criminal charges filed against you.” And what was your answer?
A: It was no, sir.
Q: Now, that’s not true, is it, Ms. East-erling?
A: I guess not.
Q: Ms. Easterling, what were the criminal charges that were filed against you?
A: I was arrested for a DUI, but it was dismissed.
Q: And when were you arrested?
By defense counsel: I’m sorry, I couldn’t hear the answer.
A: ' I said I was arrested for a DUI the year before, but it was dismissed. Which is why I had a designated driver after that.
*793 Q: Do you remember when you were arrested for this DUI?
A: It was in the Durango, before the accident. So it was several months before, I guess.
Q: And do you remember what you BAC was?
Following that question, defense counsel objected to the question, and the State withdrew its question. The cross-examination of Easterling ended shortly thereafter. During closing arguments, the State again mentioned Easterling’s prior DUI charge. Defense counsel made no objection to the State’s comment.
¶ 6. Easterling’s trial began on November 22, 2010, and ended on November 23, 2010, when the jury found Easterling guilty of aggravated DUI. On December 2, 2010, the circuit court sentenced Easter-ling to serve a term of twenty years in the MDOC’s custody, with five years to serve, followed by two years in the Intensive Supervision House Arrest program, and upon successful completion of the program, thirteen years of post-release supervision with five years’ reporting. After the circuit court denied her post-trial motions, Easterling appealed and raised the following issues:
I. Whether the circuit court erred by allowing the district attorney to introduce evidence of her prior DUI charge in violation of Mississippi Rules of Evidence 403 and 404(b); and
II. Whether the circuit court erred in restricting defense counsel in closing arguments.
STANDARD OF REVIEW
¶ 7. “Our well-settled standard of review for the admission or suppression of evidence is abuse of discretion.” Miss. Transp. Comrn’n v. McLemore, 863 So.2d 31, 34 (¶ 4) (Miss.2003) (citing Haggerty v. Foster, 838 So.2d 948, 958 (¶ 25) (Miss. 2002)). Therefore, the decision of a trial judge will stand absent a showing of abuse of discretion. Haggerty, 838 So.2d at 958 (¶ 25).
ANALYSIS
I. Admission of Prior DUI Charge
¶ 8. Easterling argues that the circuit court erred by allowing the State to introduce her prior DUI charge. Yet the State contends that this argument is procedurally barred because Easterling failed to object to the State’s continued questioning of her regarding the facts of her prior criminal charge. We believe, as did the circuit court, questioning Easterling about a prior occasion where she admittedly lied under oath on a relevant matter was appropriate to test her credibility as a witness. See M.R.E. 608(b); Brent v. State, 632 So.2d 936, 944 (Miss.1994). However, the State’s question inquiring into the nature of the criminal charge, a DUI, may well have been a relevant question where the probative value was substantially outweighed by the danger of unfair prejudice under Mississippi Rule of Evidence 403, particularly considering Easterling was then on trial for aggravated DUI. Nevertheless, defense counsel did not object to the question concerning the nature of the prior charge but, inexplicably, ask his client to repeat her answer. Further, defense counsel also failed to object to the district attorney’s one reference to the pri- or DUI in her closing argument. “[F]ail-ure to make a contemporaneous objection constitutes waiver of an issue on appeal.” Redmond v. State, 66 So.3d 107, 110 (¶ 11) (Miss.2011) (citing Derouen v. State, 994 So.2d 748, 751 (¶ 7) (Miss.2008)). Easter-ling’s contentions are waived and, thus, without merit.
II. Closing Arguments
¶ 9. Easterling also contends that the circuit court erred in restricting defense *794 counsel’s closing arguments. During closing arguments, defense counsel attempted to read verbatim from the United States Supreme Court’s opinion, authored by Justice Brennan, United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Defense counsel was attempting to point out the fallibility of eyewitness iden-tifieátion. Since the crux of the prosecution’s case depended on the testimony of three eyewitnesses who said Easterling was driving, defense counsel attempted to warn the jury of the alleged unreliability of such eyewitness testimony. The district attorney objected to defense counsel’s verbatim reading from a legal opinion based upon the fact that the reading was a federal opinion taken out of context and not related to factual evidence presented in the case. The circuit court sustained the objection. The circuit court found that reading the opinion gave “undue influence to a restricted opinion and not on the facts of this matter today.”
¶ 10. At trial, counselors are clearly limited to arguing “facts introduced in evidence, deductions and conclusions he may reasonably draw therefrom, and the application of the law to the facts.” Ivy v. State, 589 So.2d 1263, 1266 (Miss.1991). “There are ... certain well-established limits beyond which counsel is forbidden to go[.]” Monk v. State, 532 So.2d 592, 601 (Miss.1988) (overruled on other grounds by Stromas v. State, 618 So.2d 116, 119 (Miss.1993)). “[Counsel] must confíne himself to the facts introduced in evidence [during trial] and to the fair and reasonable deductions and conclusions to be drawn therefrom, and to the application of the law, as given by the court, to the facts.” Id. Here, Easterling’s counsel was attempting to argue that a Supreme Court Justice had stated in a written opinion that eyewitness testimony was not credible. However, the trial judge found that to allow Easterling’s attorney to read the opinion was improper and would give undue influence to the argument that eyewitness testimony was not credible. We agree and find that the trial judge did not abuse his discretion in restricting defense counsel’s closing argument.
¶ 11. THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED DUI AND SENTENCE OF TWENTY YEARS, WITH FIVE YEARS TO SERVE, TWO YEARS OF HOUSE ARREST AND THIRTEEN YEARS OF POST-RELEASE SUPERVISION WITH FIVE YEARS REPORTING, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR.