RANDOLPH, Presiding Justice,
Concurring in Part and in Result:
¶ 30. The State argued that Cole’s prior sexual misconduct against minors was admissible “for the purposes of proof of motive, as they say in Gore, to gratify his lust, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.” The trial court then admitted the evidence “because of all the reasons argued by [the State].... ”
¶ 31. I concur in result, observing that the trial court properly admitted evidence of the prior bad acts, for the reasons argued by the State. This comports with Rule 404(b) and a series of cases in which *887 various trial courts were affirmed on the same or nearly identical issue.[17]
¶ 32. Four decisions [18] (three in the last year alone) since Derouen support the ruling of the trial court in the case sub judice. In Derouen, recognizing that our traditional evidentiary rules were not workable in sex-crimes-against-minors-cases, Mississippi joined the majority of the nation[19] and rectified a flawed precedent of prohibiting Rule 404(b) evidence, by holding that evidence of a prior sexual act may be admitted into evidence under Rule 404(b). Derouen, 994 So.2d at 756 (Miss.2008). Two years later in Gore, this Court reaffirmed Derouen and clarified Rule 404(b) application. Gore, 37 So.3d at 1187. This Court in Gore held that evidence of prior sexual misconduct against minors is admissible under the motive purpose of Rule 404(b) if the misconduct demonstrates a similar mo-dus operandi In Green, this Court further held that, where the prior sexual acts bear “overwhelming similarities” to the deviant conduct at issue, they are “undeniably” admissible under Rule 404(b) as both motive and as evidence of a “common plan, scheme, or system.” Green, 89 So.3d at 550 n. 19 (citation omitted). This Court recently reaffirmed each of these principles in both Young and O’Connor. Young, 106 So.3d at 780; O’Connor, 120 So.3d at 396-98.
¶ 33. In short, “overwhelming similarities” between the prior sexual acts and the licentious sexual misconduct charged “undeniably bring the testimony of [the] other victims within the purview of admissibility under Rule 404(b).” Green, 89 So.3d at 550. Prior sexual acts also are admissible when the conduct is probative of “motive.” [20] “Motive” is “an impulse, as an emotion, desire, or psychological need, acting as incitement to action.” Green, 89 So.3d at 550 n. 19 (citation omitted). Any evidence that tends to show a “ ‘seemingly uncontrollable desire to partake in pedo-philic sexual activities with young and developing juveniles,’ is probative regarding motive.” Young, 106 So.3d at 779 (quoting Green, 89 So.3d at 550-51 n. 19) (emphasis original).
¶ 34. The jury is entitled to hear evidence of prior deviant sexual acts against minor children to corroborate whether motive exists if the “defendant’s means of accomplishing these activities on past occasions bear substantial resemblance to each other and with the present offense.” Young, 106 So.3d at 780 (quoting Gore, 37 So.3d at 1186). Finally, prior sexual acts which demonstrate “a common plan, scheme, or system ... utilized ... repeatedly to perpetrate separate but very similar crimes,” such that the defendant “had a system that involved taking advantage of the [familial] relationship” are admissible. Young, 106 So.3d at 780 (quoting Green, 89 So.3d at 550 n. 19) (emphasis added). Thus, I would find each of these were relevant to the case today, not just lack of mistake or accident.
*888 ¶ 35. In the case sub judice, the trial judge admitted the evidence of Cole’s prior sexual acts in response to the State’s argument that it was admissible for “proper 404(b) motives that tend to demonstrate the pedophilic sexual activities with young and developing female juveniles, defendant’s means of accomplishing ... the activities and substantial resemblance with each other,” as well as to show absence of mistake.[21] The trial judge properly weighed the probative and prejudicial value of the evidence under Rule 403 before admitting the evidence.
¶ 36. The majority posits that a defendant, by not testifying, may preclude Rule 404(b) purposes (motive, opportunity, intent, preparation, plan, and knowledge) from consideration. Neither the facts before us, nor the law, offer support for such a finding. The defendant’s silence does not preclude the use of Rule 404(b) evidence. See Green, 89 So.3d 543; Young, 106 So.3d 775. Neither of the defendants in Green or Young testified. Green, 89 So.3d at 548; Young, 106 So.3d at 777. The defense in Green was the same as Cole’s defense-his attorney argued that he did not do it. In both cases, this Court affirmed the admission of evidence of the defendants’ prior sexual acts against minor children under Rule 404(b) for the jury’s consideration of motive and a common plan, scheme, or system. Green, 89 So.3d at 550; Young, 106 So.3d at 779-80.
¶ 37. A defendant’s silence does not control the presentation of evidence and does not dictate the State’s presentation of evidence (including otherwise-admissible prior bad acts that satisfy a Rule 404(b) purpose). See Green, 89 So.3d 543; Young, 106 So.3d 775. It is the defendant’s similar and relevant misconduct offered by witnesses with knowledge that places a Rule 404(b) purpose at issue, not the defendant’s silence. Id. First, the issues for jury consideration are controlled by the offense charged. Next, the State’s evidence offered to establish or prove the charge controls the Rule 404(b) consideration. Finally, the defendant’s defenses, if any, of the charge may place a Rule 404(b) purpose at issue. Stated differently, the conduct sets in motion whether the trial court will let the witness testify to prior bad conduct. If a Rule 404(b) purpose is met, along with relevance and similarity to the offense charged, the trial judge may allow the introduction of the prior sexual misconduct against a minor.
¶ 38. The majority also opines that no Rule 404(b) purpose (other than mistake or accident) was raised or argued by either side. The record reveals otherwise. Throughout the trial, the State, through its witnesses, fully developed motive, intent, and common plan, scheme, and system which creates the opportunity (games).
¶ 39. H.M., M.M., K.H., and E.C. all testified to multiple instances (some indicted, some not) of Cole inappropriately rubbing their breast or vaginal area while they were pre-pubescent.[22] The unindict-ed acts testified to substantially resembled the indicted acts, as defined, and applied in our sexual-miseonduct-against-minor-chil-dren cases since Derouen. Each witness had fallen prey to Cole’s criminally lewd acts on more than one occasion, evincing Cole’s “uncontrollable desire” and a “psychological need” to “partake in pedophilic sexual activities.” Green, 89 So.3d at 550 n. *889 19. The young victims were mere babies when the deviant sexual assaults began, further evincing Cole’s motive, intent, and opportunity of satisfying his “uncontrollable pedophilic desires.”
¶ 40. The young children also testified to a “common plan, scheme, and system” utilized by their deviant grandfather to sexually abuse them. With the exception of a few isolated instances, each minor testified that Cole’s modus operandi was the same, during the same two games— “horses” and “find Kay Kay’s head.” He utilized the games to create an opportunity to rub upon and penetrate his own granddaughters’ genitalia, repeatedly perpetrating his uncontrollable, pedophilic desires. Cole planned and prepared his licentious assaults on the little girls through the use of those games. He isolated his victims before playing “find Kay Kay’s head,” as Cole would lock the boys out of the room. And then, when playing “horses,” he would select only one little girl at a time to take into the closet. In closing, the State remarked, “[w]hat a great plan for him ... the kids may have made it up, but, boy, did he take advantage of it.” (Emphasis added.) Cole’s attorney conceded in closing that it “would make sense for a sexual predator” to use “find Kay Kay’s head” as a scheme to molest children; but, since Cole did not invent the game, it could not be a scheme.
¶41. A “plan” is a “detailed scheme, program, or method worked out beforehand for the accomplishment of an object.” Webster’s II New College Dictionary 842 (2001). The testimony from the young girls demonstrated a “detailed scheme” and “method” to secretly and furtively accomplish his scheme of sexually assaulting his defenseless, minor grandchildren. A “scheme” is a “systematic plan of action.” Id. at 987. “Horses” and “find Kay Kay’s head” offered a systematic way to perpetrate and satisfy his pedophilic desires. A “system” is defined as a “method.” Id. at 1119. Cole used the two games as a “method” to accomplish his lascivious touching. Finally, the State argued in closing that Cole used the two games as his “tool” to effectuate his “plan” of molesting the victims.
¶ 42. I detect no error when the learned trial judge[23] admitted the evidence under Rule 404(b), tracking this Court’s earlier opinions. The State presented uncontradicted proof of Cole’s mo-dus operandi, including motive — touching (“pedophilic sexual activities”) his granddaughters (“young and developing female juveniles”) multiple times each (“uncontrollable desire”). The prior acts certainly had a “substantial resemblance” to the acts at issue (all victims were touched during “horses” or “find Kay Kay’s head”). The evidence presented in this case qualifies as Rule 404(b) exceptions, as it has been defined in Gore, Green, Young, and O’Connor.
¶ 43. In short, this is the exact sort of evidence this Court has held admissible in Derouen, Gore, Green, Young, and O’Con-nor.
Conclusion
¶ 44. I join in the disposition of the majority, but also would affirm the trial court for the reasons stated herein.
WALLER, C.J., LAMAR AND PIERCE, JJ., JOIN THIS OPINION.

. Derouen v. State, 994 So.2d 748 (Miss.2008); Gore v. State, 37 So.3d 1178 (Miss.2010); Green v. State, 89 So.3d 543 (Miss.2012); Young v. State, 106 So.3d 775 (Miss.2012); O’Connor v. State, 120 So.3d 390 (Miss.2013).

. Gore, 37 So.3d 1178; Green, 89 So.3d 543; Young, 106 So.3d 775; O'Connor, 120 So.3d 390.

. Derouen, 994 So.2d at 753 (detailing the overwhelming weight of authority allowing evidence of prior sexual acts against children to be admissible) (citing Mitchell v. State, 539 So.2d 1366, 1374-75 (Miss.1989) (Hawkins, P.J., dissenting), overruled by Derouen, 994 So.2d 748.).

. Gore, 37 So.3d at 1191; Green, 89 So.3d at 550; Young, 106 So.3d at 779; O’Connor, 120 So.3d at 397-98.

. Later in the trial, the State, once again, cited Gore in argument that the unindicted witness’s testimony was admissible "for the purpose of proof of motive, as they say in Gore, to gratify his lust....”

. The ages of the children were all under nine. The record reveals that each girl was between the age of six and nine during Cole’s sexual assaults.

. The trial judge is the same trial judge as in Gore.