# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-00790-COA

JEFFERY CANTRELL A/K/A JEFFERY DALE CANTRELL A/K/A JEFFREY CANTRELL A/K/A JEFF CANTRELL

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/20/2016 |
| TRIAL JUDGE: | HON. CHARLES E. WEBSTER |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: BENJAMIN ALLEN SUBER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| DISTRICT ATTORNEY: | BRENDA FAY MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/15/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND CARLTON, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Jeffrey Cantrell appeals his conviction for possession of methamphetamine and sentence, as a habitual offender, of six years in the custody of the Mississippi Department of Corrections (MDOC), without eligibility for parole or probation.  On appeal, Cantrell asserts that the jury verdict was against the overwhelming weight of the evidence, and as a result, he is entitled to a new trial.  Finding no abuse of discretion, we affirm Cantrell's conviction and sentence.

## FACTS

¶2. On January 13, 2015, Officer Stanley Perry of the Cleveland Police Department received a call regarding a suspicious vehicle located behind a house in Cleveland, Mississippi. Upon arriving at the address, a woman exited the residence and informed Officer Perry that a blue truck was parked behind the house.

¶3. As Officer Perry approached the truck, he shined his flashlight and could "clearly" observe Cantrell coming from the side of the house and walking toward the blue truck. Officer Perry testified that he tried to approach Cantrell, but Cantrell "was trying to elude [him] or get away from [him]." Officer Perry testified that he then observed two more people inside of the truck, so he drew his gun and ordered the two passengers and Cantrell to put their hands in the air. Officer Perry stated that at that time, Cantrell reached into his right pants pocket, removed something, and threw it on the ground. Officer Perry maintained his attention on Cantrell and the two passengers in the truck and radioed for backup.

¶4. Several other police officers arrived on the scene in response to Officer Perry's call for backup, including Officer Joe Smith. After Officer Smith arrived, Officer Perry directed him to remove two passengers from the truck while Officer Perry handcuffed Cantrell. Officer Perry informed Officer Smith that Cantrell had removed an item from his pants pocket and thrown it onto the ground approximately six to ten feet away from the truck.

¶5. Officers Smith and Perry searched the area where Officer Perry observed Cantrell throw the item from his pocket. The officers found two syringes, one of which contained a clear substance. Officer Perry testified that he also found a screwdriver with fresh paint on

2

it located approximately twenty feet from the vehicle and approximately twenty-four feet away from the syringes.

¶6.     After finding the syringes, Officer Perry called Officer Michael Melton, a narcotics officer, who arrived at the scene and collected the syringes. Officer Melton testified that he placed the syringes in evidence packaging and conducted a field test on the syringe that contained a crystalline substance. Officer Melton testified that the field test returned a positive result for methamphetamine, so Officer Melton sent that syringe to the crime lab for further testing. Officer Melton explained that the other syringe was empty, with the plunger pushed all the way in, and he did not send it to the crime lab.

¶7.     Gary Fernandez, a drug analyst at the Mississippi Forensics Laboratory in Batesville, Mississippi, testified as an expert witness in the area of forensic science. Fernandez testified that after the laboratory received the syringe for testing, drug analyst Johnnie Bennett performed the necessary tests on the substance contained in the syringe. After Bennett completed the tests, he submitted all of his paperwork to Fernandez. Fernandez explained that he was the technical reviewer on the case, and, therefore, he had reviewed all of the tests Bennett performed. Fernandez testified that Bennett had performed the tests on the syringe correctly, and he agreed with Bennett's finding that the syringe contained .168 grams of methamphetamine, a Schedule II controlled substance.

¶8.     A Bolivar County grand jury indicted Cantrell for one count of possession of methamphetamine pursuant to Mississippi Code Annotated section 41-29-139(c) (Supp. 2016). Cantrell's indictment reflected his status as a habitual offender pursuant to

Mississippi Code Annotated section 99-19-81 (Rev. 2015) and as a second and subsequent offender pursuant to Mississippi Code Annotated section 41-29-147 (Rev. 2013).

¶9. A trial was held on May 20, 2016. At the close of the State's argument, Cantrell made a motion for a directed verdict, which the trial judge denied.[1] The jury ultimately returned a verdict of guilty, and the trial court sentenced Cantrell to the maximum sentence of six years in the custody of the MDOC, without eligibility for parole. The trial court ordered Cantrell's sentence to run consecutively to all sentences previously imposed.

¶10. Cantrell filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. The trial court denied Cantrell's posttrial motions. Cantrell now appeals.

## STANDARD OF REVIEW

¶11. When determining whether a jury verdict is against the overwhelming weight of the evidence, "[t]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." *Sanders v. State*, 32 So. 3d 1214, 1217 (¶10) (Miss. Ct. App. 2009); *Whitlock v. State*, 47 So. 3d 668, 675 (¶20) (Miss. 2010). This Court has held that "[o]nly in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." *Id.*

## DISCUSSION

---

[1] The record reflects that Cantrell did not testify at trial.

¶12. Cantrell argues that he is entitled to a new trial, as the verdict herein was clearly against the overwhelming weight of the evidence. Cantrell specifically asserts that the evidence presented at trial failed to establish beyond a reasonable doubt that Cantrell ever possessed the syringe containing methamphetamine.

¶13. We recognize that "[a] motion for a new trial challenges the weight of the evidence and is reviewed by an abuse-of-discretion standard." *Derouen v. State*, 994 So. 2d 748, 752 (¶11) (Miss. 2008). Upon review, this Court will not disturb a jury verdict unless "it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Id*.

¶14. Cantrell submits that the jury herein convicted him based solely on Officer Perry's testimony. At trial, Officer Perry testified that he observed Cantrell "reach into his pocket and [throw] something out of his pocket onto the ground." Cantrell asserts that Officer Perry misled the jury, stating that after Officer Perry first testified that he observed no other items in the vicinity where the syringes were found, Officer Perry later admitted that he found a screwdriver on the ground. Cantrell claims that Officer Perry testified that he could not tell what type of item Cantrell threw on the ground. Cantrell further asserts that Officer Perry admitted that it was dark outside when he observed Cantrell throw something and when he found the syringes.

¶15. The Mississippi Supreme Court has held that "the jury is the sole judge of the credibility of witnesses, and the jury's decision based on conflicting evidence will not be set aside where there is substantial and believable evidence supporting the verdict." *Whitlock*,

47 So. 3d at 675 (¶21). In the present case, the record reflects that Officer Perry testified that he was able to clearly identify Cantrell at the scene. Officer Perry observed Cantrell remove something from his pants pocket and throw it. Once backup arrived, and after Officer Perry handcuffed Cantrell, Officer Perry searched the area where he saw Cantrell throw the item, and he found two syringes. Officer Perry admitted to finding a screwdriver at the scene, but he testified that the screwdriver was not located in the same area as the syringes; rather, it was on the ground approximately twenty-four feet away from the syringes. Accordingly, the record reflects substantial evidence that Cantrell possessed the syringes, one of which contained methamphetamine.

¶16. Cantrell also argues that no physical evidence exists to show that he possessed the syringes. Cantrell submits that Officer Melton admitted at trial that he did not dust the syringes for fingerprints nor instruct the crime lab to dust the syringes for fingerprints. The supreme court has found that "the testimony of a single uncorroborated witness is sufficient to sustain a conviction." *Id.* at 676 (¶22) (citing *Derouen*, 994 So. 2d at 752 (¶9)). As stated, we find that the record before this Court contains substantial and believable evidence that Cantrell possessed the syringe containing methamphetamine.

¶17. In accepting the evidence supporting the jury's verdict as true, we cannot find that the verdict is so against the overwhelming weight of the evidence as to sanction an unconscionable injustice. *See Sanders*, 32 So. 3d at 1217 (¶15). Therefore, we find no abuse of discretion by the trial court in denying Cantrell's motion for a new trial. *See id.* This issue lacks merit.

¶18.   **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**