# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-00140-COA

ORVIN HARRIS A/K/A ORVIN B. HARRIS                    APPELLANT

v.

STATE OF MISSISSIPPI                                        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 01/16/2014 |
| TRIAL JUDGE: | HON. LISA P. DODSON |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: HUNTER NOLAN AIKENS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNT I, GRATIFICATION OF LUST, AND SENTENCED TO FIFTEEN YEARS; AND COUNT II, GRATIFICATION OF LUST, AND SENTENCED TO FIFTEEN YEARS, WITH TEN YEARS SUSPENDED, FOLLOWED BY FIVE YEARS OF PROBATION, WITH THE SENTENCES TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS; AND TO PAY $300 TO THE CRIME VICTIMS' COMPENSATION FUND, $1,000 TO MISSISSIPPI CHILDREN'S TRUST FUND, AND A $1,000 FINE; AND TO REGISTER AS A SEX OFFENDER |
| DISPOSITION: | AFFIRMED - 03/31/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND MAXWELL, JJ.**

**LEE, C.J., FOR THE COURT:**

PROCEDURAL HISTORY

¶1.     Orvin Harris was convicted of two counts of gratification of lust.  Harris was sentenced to fifteen years on each count, with ten years suspended on the second count.  His sentences were ordered to be served consecutively in the custody of the Mississippi Department of Corrections.

¶2.     Harris's post-trial motions were denied.  Harris now appeals, asserting that the trial court erred by (1) admitting prior bad acts into evidence and (2) admitting unreliable hearsay testimony under the tender-years exception.

FACTS

¶3.     Harris moved to Gulfport, Mississippi, in August 2011.  His daughter, Sharon, lived nearby.  Sharon's daughter, T.M.,[1] who was ten years old at that time, began visiting Harris's house regularly.  On June 19, 2012, Sharon took T.M. to her pediatrician, Dr. Tamera Harper, because T.M. had discovered bumps on her genitals.  Sharon and T.M. returned to Dr. Harper on July 31, 2012, because T.M.'s condition had not improved.  At some point Sharon asked T.M. if she had been inappropriately touched.  T.M. responded, "I don't want him to go to jail."  Sharon took T.M. home to wait for her husband, Richard, to arrive.  Sharon and Richard asked T.M. if anyone had touched her inappropriately.  T.M. told them Harris had touched her genital area with his hands, and he had placed her hand on his genitals.  Sharon and Richard took T.M. to the Gulfport Police Department, where T.M. was interviewed by

---

[1] We will use initials to protect the identity of the minor victim.  The child's family members will be identified only by first names.

Officer Marcus Oster. T.M. told Officer Oster that Harris had touched her "private parts," and he had placed her hand on his "private parts." T.M. said these incidents occurred at night in Harris's bed. T.M. stated that Harris told her not to tell anyone.

¶4. T.M. was also questioned at the police department by Kristen Clark, a forensic interviewer with the Child Advocacy Center. T.M. informed Clark that Harris had touched her inappropriately.

¶5. Prior to trial, the State filed a motion to admit T.M.'s hearsay statements to her parents, Officer Oster, and Clark under the tender-years exception in Mississippi Rule of Evidence 803(25). Harris also filed a motion to prohibit two of his adult stepdaughters, Susan and Mary, from testifying that he had molested them when they were children. After a hearing on both motions, the trial court denied Harris's motion, finding that Susan's and Mary's testimonies were admissible. The trial court reserved ruling on the State's motion until trial. Ultimately, the trial court granted the State's motion to allow T.M.'s hearsay statements into evidence.

DISCUSSION

I. PRIOR BAD ACTS

¶6. Harris contends the trial court erred in allowing Harris's two adult stepdaughters to testify that he molested them when they were children. Susan, Harris's thirty-eight-year-old stepdaughter, testified that he forced her to touch his penis when she was nine or ten years old. Susan stated this incident occurred in Harris's bedroom at night. Mary, Harris's forty-one-year-old stepdaughter, testified that Harris began abusing her when she was a small

child, and he continued to do so until she was fifteen years old. Mary stated that Harris touched her vagina and forced her to suck and touch his penis. Mary said the abuse occurred mostly during the night at Harris's house.

¶7. Our standard of review regarding the admissibility of evidence is abuse of discretion. *Young v. State*, 106 So. 3d 811, 818 (¶12) (Miss. Ct. App. 2011). Mississippi Rules of Evidence 403 and 404(b) govern the admissibility of instances of a defendant's prior bad conduct. As a general rule, evidence submitted "to prove the character of a person in order to show that he acted in conformity therewith" is not admissible. M.R.E. 404 (b). However, in *Derouen v. State*, 994 So. 2d 748 (Miss. 2008), the Mississippi Supreme Court carved out an exception in cases that involve the sexual assault of a minor, stating:

> Sex crimes against children are furtive, secret events usually lacking evidence other than the conflicting testimony of the defendant and the victim. The only viable proof of motive, intent, plan, knowledge, identity[,] or absence of mistake or accident may be the pattern of abuse suffered by others at the hands of the defendant.

*Id*. at 754-55 (¶17) (quotation omitted). The supreme court concluded:

> [E]vidence of a sexual offense, other than the one charged, which involves a victim other than the victim of the charged offense for which the accused is on trial . . . . [may be] properly admitted under Rule 404(b), [if] filtered through Rule 403, and accompanied by an appropriately[]drafted limiting or cautionary instruction to the jury[.]

*Id*. at 756 (¶20).

¶8. Although the incidents concerning Susan and Mary were remote in years, this fact does not render their testimonies inadmissible. In *Young*, 106 So. 3d at 814 (¶1), the defendant was convicted of the sexual battery of a minor. During Young's trial, his half-

4

sister was allowed to testify that twenty years prior, Young had molested her when she was a child. *Id*. at 816 (¶8). This Court found that "the evidence of Young's prior bad acts properly fell under the parameters set forth by the supreme court in *Derouen* and, therefore, was admissible." *Id*. at 817 (¶11). We noted that the trial court applied *Derouen*, performed an on-the-record analysis of Rules 403 and 404(b), and submitted an appropriate limiting instruction to the jury. *Id*. at 817-18 (¶11).

¶9.     In another similar situation, the defendant in *Gore v. State*, 37 So. 3d 1178, 1180 (¶1) (Miss. 2010), was convicted of molesting his granddaughter. At trial, his adult daughter testified that Gore had molested her when she was a child. *Id.* at 1184 (¶15). The supreme court stated that "[a]s to relevance and probative value, Gore's prior sexual abuse of his daughter tends to demonstrate 'pedophilic sexual activities with young and developing female juveniles. . . . [Gore's] means of accomplishing these activities on past occasions bear substantial resemblance to each other and with the present offens[e].'" *Id*. at 1187 (¶20) (quotation omitted). Finding no error by the trial court in admitting this evidence of prior abuse, the supreme court noted that the trial court performed the appropriate analysis of Rules 403 and 404(b) and gave the jury a limiting instruction. *Id*. at (¶21).

¶10.    In this case, the trial court conducted an extensive on-the-record analysis, applying Rules 403 and 404(b) and the holding in *Derouen* to determine whether Susan's and Mary's testimonies were admissible. Finding the evidence more probative than prejudicial, the trial court stated the evidence of "similar acts under similar circumstances [is] admissible to show

motive, opportunity, intent, knowledge, and absence of mistake specifically in this case."[2] An appropriate limiting instruction concerning Susan's and Mary's testimonies was given to the jury. We find no abuse of discretion by the trial court in allowing this testimony into evidence. This issue is without merit.

## II. TENDER-YEARS EXCEPTION

¶11. In his other issue on appeal, Harris contends the trial court erred in admitting unreliable hearsay testimony under the tender-years exception in Rule 803(25). Harris claims T.M.'s statements to Sharon, Officer Oster, and Clark lacked sufficient indicia of reliability. As previously stated, we review the admissibility of evidence under an abuse-of-discretion standard. *Young*, 106 So. 3d at 818 (¶12).

¶12. Rule 803(25) provides:

> A statement made by a child of tender years describing any act of sexual contact performed with or on the child by another is admissible in evidence if: (a) the court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide substantial indicia of reliability; and (b) the child either (1) testifies at the proceedings; or (2) is unavailable as a witness: provided, that when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.

The comments to Rule 803(25) provide a non-exhaustive list of some factors to determine whether a statement has sufficient indicia of reliability:

> (1) whether there is an apparent motive on declarant's part to lie; (2) the general character of the declarant; (3) whether more than one person heard the statements; (4) whether the statements were made spontaneously; (5) the timing of the declarations; (6) the relationship between the declarant and the witness; (7) the possibility of the declarant's faulty recollection is remote; (8)

---

[2] The trial court excluded some of Mary's testimony.

certainty that the statements were made; (9) the credibility of the person testifying about the statements; (10) the age or maturity of the declarant; (11) whether suggestive techniques were used in eliciting the statement; and (12) whether the declarant's age, knowledge, and experience make it unlikely that the declarant fabricated.

¶13. Prior to trial, the trial court conducted a hearing to determine whether T.M.'s statements to Sharon, Officer Oster, and Clark provided substantial indicia of reliability. Sharon, Officer Oster, and Clark each testified during the hearing. The trial court reserved ruling until after T.M.'s direct examination during trial. After excusing the jury, the trial court conducted a lengthy analysis of Rule 803(25), applying the list of factors from the comments to the rule. Upon review of the trial court's extensive findings, we can find no abuse of discretion in allowing statements made by T.M. to Sharon, Officer Oster, and Clark concerning the abuse into evidence. This issue is without merit.

¶14. **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, GRATIFICATION OF LUST, AND SENTENCE OF FIFTEEN YEARS; AND COUNT II, GRATIFICATION OF LUST, AND SENTENCE OF FIFTEEN YEARS, WITH TEN YEARS SUSPENDED, FOLLOWED BY FIVE YEARS OF PROBATION, WITH THE SENTENCES TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS; AND TO PAY $300 TO THE CRIME VICTIMS' COMPENSATION FUND, $1,000 TO THE MISSISSIPPI CHILDREN'S TRUST FUND, AND A $1,000 FINE; AND TO REGISTER AS A SEX OFFENDER IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT.**