# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-01534-COA

**SPARTACUS ALFORD**                                                         **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                     **APPELLEE**

DATE OF JUDGMENT:               10/11/2016
TRIAL JUDGE:                    HON. KATHY KING JACKSON
COURT FROM WHICH APPEALED:      JACKSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         OFFICE OF STATE PUBLIC DEFENDER
                                BY: HUNTER NOLAN AIKENS
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: LAURA HOGAN TEDDER
DISTRICT ATTORNEY:              ANTHONY N. LAWRENCE III
NATURE OF THE CASE:             CRIMINAL - FELONY
DISPOSITION:                    AFFIRMED: 02/06/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., FAIR AND GREENLEE, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     Spartacus Alford was convicted of two counts of sexual battery, one count of

attempted sexual battery, and one count of touching a child for lustful purposes, for which

he received three life sentences and fifteen years' imprisonment without the possibility of

parole, respectively, all to be served concurrently. The charges relate to the sexual abuse of

his niece, Abby,[1] who was six years of age at the time. On appeal, Alford contends the

circuit court erred in admitting the accounts of three other nieces or nephews who testified

---

        [1] We use fictitious names to protect the identity of minors who are victims of sexual
abuse.

to sexual abuse by Alford, including one account under the tender-years exception to the rule against hearsay. Alford also complains that his rights under the Confrontation Clause were violated by the prosecutor's use of a screen to obstruct his vision of the victim when she testified. We find no abuse of discretion in the evidentiary rulings, and the Confrontation Clause issue has not been preserved for appeal. We therefore affirm.

## DISCUSSION

### 1. Other Bad Acts Evidence[2]

¶2. Mississippi Rule of Evidence 404(b) provides that "[e]vidence of crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." However, such evidence may "be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* In *Derouen v. State*, 994 So. 2d 748, 756 (¶20) (Miss. 2008), the Mississippi Supreme Court held that "evidence of a sexual offense, other than the one charged, which involves a victim other than the victim of the charged offense for which the accused is on trial" is not per se error "if properly admitted under Rule 404(b), filtered through Rule 403, and accompanied by an appropriately-drafted limiting or cautionary instruction to the jury."

---

[2] Alford's brief frames this as two separate issues: a general challenge to the admissibility of the prior bad acts, and a specific challenge to certain hearsay testimony about the same acts. As Alford's arguments on both issues overlap substantially, we address them together.

¶3. In a recent decision, the Mississippi Supreme Court held that such evidence should survive the 403 relevance/prejudice analysis if it "demonstrate[s] that the defendant's means of accomplishing pedophilic sexual activities on past occasions bear substantial resemblance to each other and with the present offense, which serve[s] as proof of motive and a common plan or scheme." *Boggs v. State*, 188 So. 3d 515, 520 (¶13) (Miss. 2016) (citation and internal quotation marks omitted). Under Rule 403, the circuit court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

¶4. Here, the prosecution offered the accounts of three other victims: "Betty," "Claire," and "David." Each was related to Alford in a similar way to the charged victim – they were Alford's step-niece, great-niece, and nephew, respectively. All four children were prepubescent at the time of the sexual acts, and the acts occurred while Alford was living or staying in the same households as the victims. The witnesses also testified to the various means Alford used to discourage them from disclosing the abuse. The circuit judge admitted the evidence after observing that the other acts were "similar enough" because "all three witnesses were very young in age [like the victim,] abused in a similar intrafamilial context[,] and in a similar manner."

¶5. The admission of evidence is within the discretion of the trial court and can only be reversed on appeal if that discretion has been abused. *Eckman v. Moore*, 876 So. 2d 975, 984

3

(¶31) (Miss. 2004).

¶6.     Alford contends that the allegations regarding the other victims were not similar to the charged offenses. He focuses on the specific sexual acts Alford was alleged to have committed with each child: Betty testified that Alford made her perform oral sex on him; Claire said Alford touched her genitals while touching himself; and David testified that Alford made him touch Alford's penis. Alford was tried for anal and vaginal penetration of Abby with his penis, attempting to cause her to perform oral sex on him, and for causing Abby to touch his penis with her hands. Alford also points out that David was male, while Abby and the other victims were female.

¶7.     Certainly, it would provide a stronger case for admission if the victims were all of the same sex or the defendant had employed an identical progression of sexual acts with each victim. But the standard for admission is simply a "substantial resemblance"; "overwhelming similarities" bolster the case for admission but are not required. *See Green v. State*, 89 So. 3d 543, 549-51 (¶17) (Miss. 2012). *Gore v. State*, 37 So. 3d 1178 (Miss. 2010), is instructive as a closer case where the facts still permitted the trial court to admit the evidence. Gore was tried for gratification of lust for touching his granddaughter, a twenty-one-month-old toddler, with a vibrator. The trial court admitted the accounts of the defendant's son and daughter, who testified that Gore had required them to visit a nudist colony and to remain undressed in the home when they were children, and that he had struck the daughter when she resisted. The daughter further testified that – when she was age twelve – Gore had touched her

4

genitals, digitally penetrated her, and shown her child pornography. *See id.* at 1184-85 (¶¶15-16). Despite the many differences between these incidents with Gore's children and the charges concerning the granddaughter, our supreme court found that, with regard to the sexual assault of the daughter, Gore's "means of accomplishing these activities on past occasions bear substantial resemblance to each other and with the present offense." *Id.* at 1187 (¶20). The evidence relating to the forced nudity of both children was likewise admissible. *Id.* The case for admission of the other incidents in the present case is far stronger than it was in *Gore*.

¶8.     Alford also asserts that the probative value of Betty's testimony was "minimal" because the incident occurred more than twenty years before the instant offenses. This is an argument that has often been made in similar cases and has been consistently and "overwhelmingly" rejected by Mississippi courts. *See Fountain v. State*, 85 So. 3d 913, 920-21 (¶22) (Miss. Ct. App. 2012); *see also Young v. State*, 106 So. 3d 775, 780 (¶18) (Miss. 2012)*; Gore*, 37 So. 3d at 1187 (¶20); *Harris v. State*, 165 So. 3d 473, 476 (¶8) (Miss. Ct. App. 2015); *Westbrook v. State*, 109 So. 3d 609, 614-15 (¶¶17-18) (Miss. Ct. App. 2013).

¶9.     Alford next contends that the circuit court was required to undertake an express, on-the-record weighing of the probative value and prejudicial effects of the evidence, which the circuit court did not do in this case. He cites *Archer v. State*, 118 So. 3d 612, 625-26 (¶57) (Miss. Ct. App. 2012), for the proposition that the circuit court "should" make such findings. While we agree with *Archer* on that point, and we reaffirm its recommendation that trial

5

courts make such findings explicitly and on the record, *Archer* went on to observe that:

> [E]ven in 404(b) cases, "our review depends on the evidence and not the judge, and while a judge's on-the-record analysis is recommended as it serves to fortify the judge's position for purposes of review, the lack of such analysis is harmless unless we deem the evidence to be patently prejudicial." [*Jones v. State*, 920 So. 2d 465, 476 (¶34) (Miss. 2016)]. "It is inherent that nearly all evidence is prejudicial to a party in one way or another. The inquiry as it regards admissibility is whether that prejudice is unfair." *Abrams v. Marlin Firearms Co.*, 838 So. 2d 975, 981 (¶22) (Miss. 2003).

*Archer*, 118 So. 3d at 625-26 (¶57).

¶10. Finally, Alford cites to *Flowers v. State,* 773 So. 2d 309 (Miss. 2002), a death penalty case where the supreme court found error in the admission of excessive evidence of other bad acts. Flowers was being tried for a single murder, but the prosecution introduced extensive evidence relating to three other murders committed at nearly the same time. The evidence was offered for the (valid) noncharacter purpose of the necessity to tell the whole story of the charged offense, but the supreme court found that the prosecution had gone too far by offering cumulative and often gruesome evidence relating to the other victims. *See id.* at 325 (¶52). This focus on the other victims was not "necessary" to tell the whole story of the charged offense, and it was so unfairly prejudicial to the defendant that it failed the Rule 403 balancing test. *Id.* at 321-22 (¶¶35-36).

¶11. *Flowers* is inapposite because the noncharacter purposes at issue in the instant case – motive and common scheme or plan – are different. Moreover, while our supreme court found in *Flowers* that the evidence of other killings, as presented and under the particular facts of that case, was unnecessary to the prosecution, the supreme court has repeatedly

6

emphasized the necessity of evidence of other, similar sex crimes against children:

> [S]ex crimes against children are furtive, secret events usually lacking evidence other than the conflicting testimony of the defendant and the victim. The only viable proof of motive, intent, plan, knowledge, identity[,] or absence of mistake or accident may be the pattern of abuse suffered by others at the hands of the defendant.

*Gore*, 37 So. 3d at 1185 (¶18) (quoting *Derouen*, 994 So. 2d at 754-55 (¶17)).  Furthermore, in this case – unlike in *Flowers* – the very occurrence of the prior incidents was disputed, and the victims were of tender years and had difficulty relating the incidents.  Thus we cannot find the introduction of hearsay evidence relating to the other incidents "unnecessary."

¶12.    Considering the authorities we have discussed, we cannot find that the circuit court abused its discretion in admitting the evidence relating to the incidents with the other children.

### 2.      Confrontation Clause

¶13.    Finally, Alford contends that his rights under the Sixth Amendment's Confrontation Clause were violated by the presence of a "screen" in the courtroom, which he alleges was used by the prosecutor to obstruct his view of the victim during her testimony.

¶14.    This issue has simply not been preserved for appeal.  The trial transcript reflects that, immediately prior to the victim's testimony, the prosecutor advised the trial judge of his concern that the victim would not take the stand willingly, and he proposed several options to seat the child in the witness stand and facilitate her testimony – but none of them involved preventing Alford from seeing the child when she testified.  After the prosecutor presented

7

his proposed options, Alford requested a mistrial without elaboration or argument; the motion was denied by the trial court as premature. The child was later seated in the witness stand with the jury out, and the prosecutor stated on the record that he was going to position himself in such a way as to block the victim's view of some of the courtroom. The judge then observed that a screen – apparently already present in the courtroom – would do the same thing. It is unclear from the record whether the screen was moved or whether it was already in position prior to the victim's testimony, nor was it observed at that time that it interfered with Alford's view of the victim. When he began his cross-examination of the victim, Alford's attorney requested that the screen be moved so he, the attorney, could see her face during the examination. When this request was made, it was granted. The only suggestion that the screen ever blocked Alford's view came at the beginning of the testimony of the next witness, when the trial judge sua sponte ordered that the screen be moved again and observed that Alford had a right to see the witness as she testified.

¶15.    Thus, it is apparent that the record is unclear as to what Alford could see during the victim's testimony because Alford made no contemporaneous complaint. "It is the appellant's duty to make sure a claimed error is properly preserved on record." *Ballenger v. State*, 667 So. 2d 1242, 1252 (Miss. 1995). Failure to make an adequate record bars the issue from consideration on appeal. *Id.* Moreover, Alford's motion for a mistrial, made prior to any suggestion that his view would be impeded, was not a contemporaneous objection and did not preserve the issue for appeal. *Id.* at 1251. This issue has been waived.

8

¶16.   Finally, Alford requests, in a cursory fashion without citation to authority, that we consider these complaints under a plain error standard of review or that we find his defense counsel constitutionally ineffective for failing to object to the prosecutor's actions.  The record is not adequate to consider either contention, and the failure to adequately brief these contentions on appeal renders them abandoned.  *See, e.g., Duncan v. State*, 939 So. 2d 772, 779 n.3 (Miss. 2006).

¶17.   No reversible error has been shown under this issue.

¶18.   **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**